IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JERRY LAUGHMAN, | : | CIVIL ACTION NO. **3:14-CV-0745** |
| | : | |
| Plaintiff | : | (Judge Munley) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| CUMBERLAND COUNTY, *et al.*, | : | |
| | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

### I.    BACKGROUND.

On April 17, 2014, Plaintiff, Jerry Laughman, an inmate at the Cumberland County Prison, Carlisle,  filed, *pro se*, this instant civil rights action pursuant to 42 U.S.C. § 1983.  (Doc. 1).   Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis*.  (Doc. 5).   Plaintiff names the following five (5) Defendants in his Complaint: Cumberland County, Cumberland County Prison ("CCP"); Earl Rietz, Jr., Warden; PrimeCare Medical; and Mike Baldwin.  (Doc. 1, p. 1).  In his form Complaint, Plaintiff avers in the "Facts" section that since his incarceration on February 4, 2014, he has complained of severe pain due to spinal stenosis, bulging disc, degenerative disc disease and arthritis which have not been properly treated .  (Doc. 1, p. 3). He alleges that all of his conditions have not been properly treated by prison staff or Primecare Medical, Inc. or the director's thereof.  (*Id*.).  As a result, the Plaintiff had to endure "extreme pain and suffering as well as emotional and mental distress."  (*Id*.).

Plaintiff asserts in the "Injuries" section of his Complaint that he had "extreme pain and suffering extreme migrains[sic], emotional and mental distress violation of the 8th amendment of his constitutional rights relating to cruel and unusual punisment[sic]." (*Id.*).

Based on these facts, Plaintiff attempts to assert an Eighth Amendment denial of medical care and conditions of confinement claim against the five (5) Defendants. (*Id.*). Plaintiff does not indicate that he exhausted his administrative  remedies at CCP regarding his claims.[1]  (*Id.*, p. 4). Instead, Plaintiff states that he filed a grievance with the Deputy Warden and appealed to the Warden, but did not get an answer.

As relief, Plaintiff requests "$750,000.00 for gross negligence/cruel and unusual punishment against Defendants." (*Id.*, p. 5). Plaintiff does not state if he sues the state actors Defendants in both their individual and/or official capacities. (*Id.*., pp. 2-3). However, Plaintiff can only seek monetary damages from the state actor Defendants in their individual capacities.[2]

---

[1]Thus, Plaintiff indicates in his Complaint that he filed a grievances at CCP regarding his instant claims, but not that he exhausted his administrative remedies. Plaintiff must exhaust all of his CCP available administrative remedies with respect to each of his claims prior to filing a civil rights suit.  *Spruill v. Gillis*, 372 F.3d 218, 230 (3d Cir. 2004); *Woodford v. Ngo*, 126 S.Ct. 2378 (2006).  In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under § 1997e(a) applies to all actions regarding prisons conditions, including civil rights  actions or actions brought pursuant to any other federal law.  The *Porter* Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.*   However, Defendants have the burden to plead exhaustion as an affirmative defense.  *See Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002).

[2]As stated, Plaintiff does not indicate if he seeks money damages from Defendants in both their individual and official capacities.  To the extent that Plaintiff seeks monetary damages from Defendants, he can only sue the state actor Defendants in their  individual or personal capacities.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Meekins v. Beard*,

The Court has jurisdiction over his §1983 civil rights action pursuant to 28 U.S.C. §1331

and §1343(a).  We will now screen Plaintiff's Complaint as we are obliged to do in accordance

with the PLRA.

## II.     STANDARDS OF REVIEW.

### A.     PLRA

As stated, the Plaintiff has filed an application to proceed *in forma pauperis* pursuant to

28 U.S.C. § 1915.  (Doc. 2).  The Prison Litigation Reform Act of 1995,[3] (the "PLRA"), obligates

the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis*

pursuant to 28 U.S.C. § 1915.  Specifically, Section 1915(e)(2), which was created by

§ 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any
> portion thereof, that may have been paid, the
> court shall dismiss the case at any time if the
> court determines that (A) the allegation of
> poverty is untrue; or (B) the action or appeal
> (i) is frivolous or malicious; (ii) fails to
> state a claim on which relief may be granted;
> or (iii) seeks monetary relief against a
> defendant who is immune from such relief.

---

2007 WL 675358, *3 (M.D. Pa.); *Atwell v. Schweiker*, 2007 WL 2900565 (3d Cir. 2007) (Non-Precedential).  Thus, we will recommend that Plaintiff's claims for monetary damages against Defendants in their official capacities be dismissed with prejudice.  Based upon well-settled case law, we find that the Court should not allow Plaintiff to amend his Complaint with respect to his damages claims against Defendants in their official capacities since we find it would be futile. *See Van Tassel v. Lawrence County Domestic Relations Section,* 659 F.Supp.2d 672, 696 (W.D. Pa. 2009).

[3]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

28 U.S.C. § 1915(e)(2).

B.      *42 U.S.C. § 1983*

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements:  (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993). Further, Section 1983 is not a source of substantive rights.  Rather, it is a means to redress violations of federal law by state actors.  *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).  *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005); *Slater v. Susquehanna County*, 613 F. Supp. 2d 653, 660 (M.D. Pa. 2009) (citations omitted); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 550 (M.D. Pa. 2007) ("only those who act under color of state law are liable to suit under section 1983.").   "In order to satisfy the second prong [of a §1983 civil rights action], a Defendant does not have to be a state official, but can also be held liable as a state actor."  *Slater v. Susquehanna County*, 613 F. Supp. 2d at 660(citations omitted).

It is well-established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*.  *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*.  It is also well-settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement.  *Id*.  Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based.  *Id*.  As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence.  Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

A civil rights complaint must state the time, place, and responsible persons involved.  *Id*.  Courts have also held that an allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to section 1983 liability. *See Rode*, 845 F.2d at 1208.

C.     *MOTION TO DISMISS*

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433

5

(2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).

[D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler,* 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.,* No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) ( *quoting Twombly,* 550 U.S. at 555) (not precedential).

III.    **DISCUSSION**.

Based on the foregoing facts, Plaintiff alleges that Defendants violated his Eighth Amendment rights to medical care and adequate conditions of confinement.  He claims that Defendants violated his Eighth Amendment rights to appropriate confinement conditions because since his incarceration on February 4, 2014, he has complained of severe pain due to spinal stenosis, bulging disc, degenerative disc disease and arthritis which have not been properly treated . (Doc. 1, p. 3).  He alleges that all of his conditions have not been properly treated by prison staff or Primecare Medical, Inc. or the director's thereof. (*Id.*).  As a result, the Plaintiff had to endure "extreme pain and suffering as well as emotional and mental distress." (*Id.*).  These are the only factual allegations that Plaintiff has provided in order to support his claim

> A.    *DEFENDANTS CUMBERLAND COUNTY, CUMBERLAND COUNTY AND PRISON EARL REITZ, JR..*

Initially, we will recommend that the Court dismiss without prejudice Defendant Cumberland County and with prejudice Cumberland County Prison, as Plaintiff has failed to properly allege any constitutional claim under *Monell* against these Defendants.

When a claim against a municipality or governmental entity such as the Defendant Cumberland County is based on §1983, the entity can only be liable when the alleged constitutional violation implements or executes a policy, regulation or decision officially adopted by the governing body or informally adopted by custom. *Monell v. Department of Social Servs.,* 436 U.S. 658, 691, 694,  98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).  A governmental custom for

purposes of Section 1983 is defined as "such practices of state officials...[as are] so permanent and well-settled as to constitute a 'custom or usage' with the force of law." *Id*. at 691.  Custom can be shown by evidence of knowledge and acquiescence by high-level policy-makers. *Fletcher v. O'Donnell*, 867 F.2d 791, 793 (3d Cir. 1989).  The court must then inquire "whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).  The policy must be the "moving force" behind the constitutional violation.  *Cornfield v. Consolidated High Sch. Dist. No. 230*, 991 F.2d 1316 (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985) (plurality opinion)).

Plaintiff has not alleged that Defendant Cumberland County has implemented a policy or custom that endorses, supports or permits constitutional violations, such as those alleged in the Complaint.   Therefore, we will recommend that Defendant Cumberland County be dismissed without prejudice with respect to Plaintiff's denial of proper medical care claim since we find that allowing Plaintiff leave to amend his Complaint to properly allege such a claim under *Monell* against the County of York may not be futile. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002) (The Third Circuit has held that a Plaintiff who filed an *in forma pauperis* request and whose Complaint fails to state a cognizable claim is entitled to amend his pleading unless it would be futile.).

Furthermore, we will recommend that the Court dismiss with prejudice Defendant Cumberland County Prison, as a prison is not a "person" subject to suit under § 1983. *See Pavalone v. Lackawanna Co. Prison*, Civil Action No. 1:11-CV-1444, 2011 WL 3794885, at *3

8

(M.D. Pa. Aug. 26, 2011) (citing *Will v. Mich. Dept. Of State Police*, 491 U.S. 58 (1989) ("Because a prison or correctional facility is not a 'person' within the meaning of § 1983, the complaint against [Lackawanna County Prison] will be dismissed."); *Phippen v. Nish*, 223 F. App'x 191, 192 (3d Cir. 2007) ("[State Correctional Institution Waymart] is not a 'person' under § 1983.").

Therefore, because Defendant Cumberland County Prison is not a "person" for purposes of a §1983 action, we will respectfully recommend that this Defendant be dismissed with prejudice.

Additionally, we will recommend that the Court dismiss without prejudice Defendant CCP Warden Earl Reitz, Jr.. While Plaintiff names Reitz as a Defendant, Plaintiff does not allege any constitutional claims against the Warden who is a supervisory official. Therefore, in accordance with the aforementioned §1983 standard, because Plaintiff has failed to allege any personal involvement whatsoever of Defendant Reitz in relation to any of the constitutional claims he raises in his Complaint, we will recommend that the Court dismiss without prejudice Defendant Reitz. As stated, personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See Rode, supra*; *Ascenzi v. Diaz,* 2007 WL 1031516, *3 (M.D. Pa.)("supervisory personnel are only liable for the § 1983 violations of their subordinates if they knew of, participated in or acquiesced in such conduct")(citations omitted). We find that allowing Plaintiff to amend his pleading to properly raise a denial of proper medical care claim against Defendant Reitz may not be futile. *See Grayson v. Mayview State Hospital*, 293 F.3d at 111. As stated, we find below that it would be futile for the Court

to allow Plaintiff to amend his Complaint as against any Defendant with respect to his conditions of confinement claim.

       B.     *PRIME CARE MEDICAL INC. AND MIKE BALDWIN.*

Plaintiff also names Prime Care Medical as a Defendant.  (Doc. 1, p. 1).  However, it is well-established that a medical department is not a proper Defendant for a § 1983 action.  In *Martz v. SCI-Coal Township Therapeutic Community, et al.*, 2012 U.S. Dist. LEXIS 15821, *6 (M.D. Pa. Feb. 8, 2012), this Court stated the following:

> The [Third Circuit] Court of Appeals in *Fischer* also recognized that a prison's medical department may not be sued under §1983 since it is not a person. *See Fischer,* 474 F.2d at 992; *see also Stanley v. Delaware Co. Medical Dept.*, 1991 U.S. Dist. LEXIS 2466, 1991 WL 29928 *1 (E.D. Pa. Feb. 27, 1991) (prison medical department clearly not a person for purposes of § 1983).

Therefore, Prime Care Medical is also not an appropriate Defendant, and we will recommend that this Defendant be dismissed with prejudice because a medical department, like a prison, is also not a "person" under §1983.

Plaintiff also names Defendant Mike Baldwin.  The Defendant notes "Mike Baldwin" is employed at Primecare Medical, Inc..  Plaintiff's Complaint is void of any factual allegations or any personal involvement regarding this Defendant.   Thus, we recommend that this Defendant be dismissed without prejudice so as to allow Plaintiff to opportunity to properly allege a claim against this Defendant if he so desires.

       C.     *EIGHTH AMENDMENT CONDITIONS OF CONFINEMENT CLAIM.*

As stated, Plaintiff attempts to allege a conditions of confinement claim against Defendants.  Based on this information, Plaintiff asserts his Eighth Amendment conditions of

confinement claim by alleging that the Defendants subjected him to cruel and unusual punishment by not treating him.   (Doc 1, p. 3). However, Plaintiff has failed to allege personal involvement of any Defendant with respect to his conditions of confinement claim  and also has failed to comply with Federal Rule of Civil Procedure 8(a) because he fails to plead his confinement conditions claim with factual sufficiency.

In *Mitchell v. Dodrill*, 696 F.Supp.2d 454, 466 (M.D. Pa. 2010), the Court stated:

> The Eighth Amendment prohibition against cruel and unusual punishment demands that prison officials do not house inmates under conditions that deprive them of one or more basic human needs, such as the basic human need for reasonable safety, adequate physical space, and the need for some degree of ventilation and fresh air.  *Helling v. McKinney*, 509 U.S. 25, 32 (1993).  However, the Eighth Amendment does not mandate that prisons be free of discomfort  *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (*quoting Rhodes v. Chapman*, 452 U.S. 337, 349 (1981).  No static test determines whether conditions of confinement are "cruel and unusual."  These terms must "draw [their] meaning from the evolving standards of decency that mark the progress of a maturing society."  *Tillery v. Owens*, 719 F. Supp. 1256, 1261 (W.D.Pa 1989).
>
> To establish an Eighth Amendment claim, Mitchell must show that he has been deprived of "the minimal civilized measure of life's necessities." *Griffin v. Vaughn*, 112 F.3d 703, 709 (3d. Cir. 1997) (*quoting Young v. Quinlan*, 960 F.2d 351, 359 (3d. Cir. 1992)).  In reviewing this type of claim, courts have stressed the duration of the complainant's exposure to the alleged unconstitutional conditions and the "totality of the circumstances" as critical to a finding of cruel and inhumane treatment. *Rhodes*, 452 U.S. at 362-363.  Moreover, the focus must be on the deprivation of a particular basic necessity.  As explained by the United States Supreme Court:
>
>> Some conditions of confinement may establish an Eighth Amendment violation "in combination" when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise-for example, a low cell temperature at night combined with a failure to issue blankets.

To say that some prison conditions may interact in this fashion is a far cry from saying that all prison conditions are a seamless web for Eighth Amendment purposes. Nothing so amorphous as "overall conditions" can rise to the level of cruel and unusual punishment when no specific deprivation of single human need exists. *Wilson v. Seiter*, 501 U.S. 294, 304-305 (1991).

In addition to showing conditions that pose a significant risk of serious harm, the inmate must show that the person or persons responsible for the conditions of confinement acted with "a sufficiently culpable state of mind." *Id.* at 298.  As described by the Supreme Court in *Farmer*, the standard for determining deliberate indifference in a conditions of confinement case is whether a prison official knew of and disregarded an excessive risk to an inmate's health or safety. *Farmer,* 511 U.S. at 837. The Court added that "it is enough that the official acted or failed to act despite his knowledge of a substantial risk of harm." *Id.* at 842.

Plaintiff has failed to properly allege an Eighth Amendment conditions of confinement claim because he has not averred that any Defendant acted with deliberate indifference to a substantial risk of harm by not treating him for severe pain.  Plaintiff does not allege deliberate indifference on the part of the Defendants because Plaintiff fails to provide information that any Defendant knew of a risk of serious harm to him and disregarded his complaints.  We find that Plaintiff's allegations are insufficient to rise to an Eighth Amendment claim.

Therefore, because Plaintiff has failed to allege personal involvement of any Defendant with relation to his conditions of confinement claim, because Plaintiff's allegations only demonstrate negligence,  and because Plaintiff has failed to properly allege the elements of a constitutional claim, we will recommend that Plaintiff's Eighth Amendment conditions of confinement claim be dismissed with prejudice.  We find that this claim may be more properly asserted as an Eighth Amendment denial of medical care claim. Thus, we find that allowing

Plaintiff the opportunity to amend his Complaint with respect to his conditions of confinement claim would be futile. *See Mitchell, supra; Grayson v. Mayview State Hospital*, 293 F.3d at 111.

   D.     *EIGHTH AMENDMENT DENIAL OF MEDICAL CARE CLAIM.*

   In his Complaint, as noted above, Plaintiff's denial of medical care claim is vague at best. Plaintiff alleges that Defendants violated his Eighth Amendment right to medical care because since his incarceration on February 4, 2014, he has complained of severe pain due to spinal stenosis, bulging disc, degenerative disc disease and arthritis which have not been properly treated . (Doc. 1, p. 3). He alleges that all of his conditions have not been properly treated by prison staff or Primecare Medical, Inc. or the director's thereof. (*Id.*).

   The Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." *Iseley v. Beard*, 2009 WL 1675731, *7 (M.D. Pa.) (*citing Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). In order to successfully raise an Eighth Amendment denial of medical care claim, a plaintiff inmate must allege that the defendant was deliberately indifferent to plaintiff's serious medical needs. *Williams v. Klem*, 2008 WL 4453100, *7 (M.D. Pa.) (quoting *Monmouth Cty. Corre. Inst. Inmates v. Lanzaro*, 834 F. 2d 326, 346 (3d Cir. 1987)).

   According to the Court in *Iseley v. Beard*, a prison official acts with deliberate indifference to an inmate's serious medical needs when "he knows of and disregards an excessive risk to inmate health or safety." 2009 WL 1675731, *7 (M.D. Pa.) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)). According to the Supreme Court in *Estelle*,

13

negligently diagnosing or treating a medical condition does not amount to an Eighth Amendment violation of an inmate's right to medical care/ treatment.  Estelle, 429 U.S. at 106.

Furthermore, according to the *Williams* court,

> A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that a layperson would recognize the need for a doctor's attention. . . [I]f unnecessary and wanton infliction of pain results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the Eighth Amendment.

2008 WL 4453100, *7 (M.D. Pa.) (citing *Monmouth Ct. Corr. Inst. Inmates*, 834 F.2d at 347); *see also Young v. Kazmerski*, 266 Fed. Appx. 191, 193 (3d Cir. 2008).

In *Mimms v. U.N.I.C.O.R.*, 2010 WL 2747470, *2 (3d Cir. 2003) , the Court dismissed the defendant's Eighth Amendment medical care claim, stating:

> [Defendant] did not satisfy the standard for deliberate indifference. According to Mimms' own allegations, he received immediate medical care, and he did not specify what treatment, if any, he was denied.  Although he claimed that he experienced continuing pain, the District Court properly noted that he did not allege that the pain was severe or that he informed prison officials about the pain and was denied treatment.

Additionally, according to the Court in *Robinson v. U.S.*, 2010 WL 1254277, *14 (M.D. Pa.):

> This [Eighth Amendment ] test "affords considerable latitude to prison medical authorities in the diagnosis and treatment of the medical problems of inmate patients. Courts will 'disavow any attempt to second guess the propriety or adequacy of a particular course of treatment ... which remains a question of sound professional judgment." *Little v. Lycoming County*, 912 F.Supp. 809, 815 (M.D.Pa.1996) (*citing Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir.1979)) (*quoting Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir.1977)). When an inmate is provided with medical care and the dispute is over the adequacy of that care, an Eighth Amendment claim does not exist. *Nottingham v. Peoria*, 709 F.Supp. 542, 547 (M.D.Pa.1988). Mere disagreement as to the proper medical treatment does not support an Eighth Amendment claim. *Lanzaro,*

14

834 F.2d at 346. Only flagrantly egregious acts or omissions can violate the standard. Medical negligence alone cannot result in an Eighth Amendment violation, nor can any disagreements over the professional judgment of a health care provider. *White v. Napolean*, 897 F.2d 103, 108-10 (3d Cir.1990).

We find that Plaintiff has not alleged the personal involvement of any Defendant with respect to his Eighth Amendment denial of medical care claim. Thus, we will recommend that Plaintiff's Eighth Amendment denial of medical care claim be dismissed without prejudice as against Defendants because he has not properly alleged that these Defendants acted with deliberate indifference to a serious medical need.

Thus, we will recommend that Defendants Cumberland County, Defendant Warden Reitz and Mike Baldwin be dismissed without prejudice with respect to Plaintiff's denial of proper medical care claim.

**IV.    RECOMMENDATION**.

Based on the foregoing discussion, we respectfully recommend that:

1. The Court dismiss **WITH PREJUDICE** Plaintiff's claims for monetary damages against Defendants in their official capacities;

2. The Court **DISMISS WITHOUT PREJUDICE** Defendant Cumberland County, Defendant Warden Earl Rietz, Jr., and Defendant Mike Baldwin with respect to Plaintiff's denial of proper medical care claim;

3. The Court **DISMISS WITH PREJUDICE** Defendants Cumberland County Prison and PrimeCare Medical, Inc.;

15

    4.  The Court **DISMISS WITH PREJUDICE** Plaintiff's Eighth Amendment conditions of confinement claim as against all Defendants; and

    5.  The Court **DISMISS WITHOUT PREJUDICE** Plaintiff's Eighth Amendment denial of medical care claim as against Defendants Cumberland County, Warden Earl Rietz, Jr., and Mike Baldwin .

    Finally, it is recommended that the Court remand this case to the undersigned for any further proceedings with respect to Plaintiff's Eighth Amendment denial of medical care claim.


                                    **s/ Thomas M. Blewitt**
                                    **THOMAS M. BLEWITT**
                                    **United States Magistrate Judge**


**Dated: May 30, 2014**

16

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JERRY LAUGHMAN, | : | CIVIL ACTION NO. **3:14-CV-0745** |
| | : | |
| Plaintiff | : | (Judge Munley) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| CUMBERLAND COUNTY, *et al.*, | : | |
| | : | |
| Defendants | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **May 30, 2014.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule

72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the magistrate
> judge, making his or her own determination on the basis
> of that record.  The judge may also receive further evidence, recall
> witnesses or recommit the matter to the magistrate judge with instructions.

17

Failure to timely file objections to the foregoing Report and Recommendation may constitute a waiver of appellate rights.


_____   **s/ Thomas M. Blewitt**
                                  **THOMAS M. BLEWITT**
                                  **United States Magistrate Judge**


**Dated: May 30, 2014**